UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; and BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; 1313 L Street, N.W., Washington, D.C. 20005,<br><br>    Plaintiffs,<br><br>v.<br><br>MERCHANDISE MART PROPERTIES, INC.<br>222 Merchandise Mart PL, Suite 470<br>Chicago, IL  60654<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs Service Employees International Union National Industry Pension Fund and the Board of Trustees of the Service Employees International Union National Industry Pension Fund, by counsel, hereby complain against Defendant, Merchandise Mart Properties, Inc., and in support thereof state as follows:

Introduction

1. This is an action to collect delinquent contributions owed by Defendant Merchandise Mart Properties, Inc. ("MMPI" or "Defendant") to Plaintiff Service Employees International Union National Industry Pension Fund ("Pension Fund"). This

action is brought by the Pension Fund and Plaintiff Board of Trustees of the Pension Fund ("Trustees") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA").

Jurisdiction and Venue

2. Jurisdiction and venue are based upon 28 U.S.C. §§ 1331, Section 502 of ERISA, 29 U.S.C. § 1132(a), (e) and (f), and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper pursuant to ERISA, 29 U.S.C. § 1132(e)(2) because the Pension Fund is administered in this judicial district.

Parties

4. Plaintiff Pension Fund is a multi-employer benefit plan within the meaning of ERISA 29 U.S.C. §§ 1002(2) and (37), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. The Pension Fund is a multi-employer jointly administered labor-management pension fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Plaintiff members of the Board of Trustees of the Pension Fund are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21).

6. The Pension Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

7. Defendant MMPI is an employer in an industry affecting commerce within the meaning of Section 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Section 2(2), (6) and (7) of the LMRA, 29 U.S.C. §152(2), (6) and (7).

8. Upon information and belief, Defendant MMPI is a corporation registered in the State of Delaware, and maintains offices at 222 Merchandise Mart Pl., Suite 470, Chicago, IL 60654.

## Statement of Claim

9. At all relevant times, Service Employees International Union Local 1 ("Local Union"), has been the collective bargaining agent for Defendant's employees.

10. At all relevant times, Defendant has been a party to a collective bargaining agreement ("Agreement") with the Local Union covering Defendant's employees, within the meaning of ERISA, 29 U.S.C. § 1145. This Agreement is also a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

11. This Agreement requires that Defendant contribute to the Pension Fund at a specified rate for each hour worked for all of its employees covered by the Agreement.

12. Pursuant to the Agreement, Defendant is bound to the terms of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

13. At all relevant times, Defendant was obligated to make contributions to the Pension Fund, pursuant to the Agreement, Trust Agreement, and the Pension Fund's Collection Policy.

14. Pursuant to the Agreement, Defendant was obligated to submit complete remittance reports to the Pension Fund with its contributions, pursuant to the Trust

Agreement and the Pension Fund's Collection Policy. The information contained in the remittance reports is necessary for the Pension Fund to properly credit each employee with the appropriate amount of pension credit and to verify that Defendant has remitted the appropriate amount of contributions.

15. At all relevant times, the Trust Agreement and the Pension Fund's Collection Policy have provided that an employer delinquent in its contributions to the Pension Fund is liable for interest at the rate of ten percent (10%), liquidated damages at the rate of five percent (5%) prior to the commencement of legal action and twenty percent (20%) thereafter, costs of an audit, and attorneys' fees and costs.

16. Defendant has failed to timely remit the required contributions and remittance reports to the Pension Fund, in violation of the Agreement, Trust Agreement, Collection Policy, and ERISA, 29 U.S.C. § 1145. Specifically, Defendant has failed to remit contributions shortages for January 1999 through December 2000 and related interest, liquidated damages, and testing fees.

17. Because of Defendant's failure to timely remit the required contributions, it is liable to the Pension Fund for delinquent contributions of $9,503.67, interest of $5,554.06, liquidated damages of $475.18, and an audit testing fee of $1,050.28.

18. Pursuant to ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant is indebted to the Pension Fund for unpaid pension contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees, the costs of this action, and such other legal or equitable relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Declare that Defendant is delinquent in its contributions to the Pension Fund pursuant to the Agreement;

B. Enter judgment in the full amount of the delinquent contributions that Defendant owes to the Pension Fund, including additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records, together with interest, liquidated damages, attorneys' fees and costs.

C. Retain jurisdiction of this case pending compliance with its Orders, and

D. Grant such other legal or equitable relief as the Court may deem just.

Respectfully submitted,

*Eunice H. Washington*
Eunice H. Washington
DC Bar No. 438477
SEIU Benefit Funds Legal Department
1313 L Street, N.W.
Washington, DC 20005
(202) 626-1440

Attorney for Plaintiffs

Dated: 11/4/05

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; AND BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND

## DEFENDANTS

MERCHANDISE MART PROPERTIES, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___88888___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

EUNICE H. WASHINGTON
SEIU BENEFIT FUNDS LEGAL DEPARTMENT
1313 L STREET, NW
WASHINGTON, DC 20005

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA 29 U.S.C §§ 1132 (g)(2) and 1145. Action to collect unpaid pension contributions, liquidated damages, interest, and attorneys' fees and costs.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 11/4/05    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Service Employees International Union National
Industry Pension Fund; and Board of Trustees of
the Service Employees International Union
National Industry Pension Fund

**SUMMONS IN A CIVIL CASE**

V.

Merchandise Mart Properties, Inc.

CASE NUMBER:

TO: (Name and address of Defendant)

CT Corporation System
Registered Agent for Merchandise Mart Properties, Inc.
225 Hillsborough Street
Raleigh, NC 27603

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Eunice H. Washington
SEIU Benefit Funds Legal Department
1313 L Street, NW
Washington, DC 20005

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____   _____
              Date                              *Signature of Server*

_____
*Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.