UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SERVICE EMPLOYEES INTERNATIONAL    )
UNION NATIONAL INDUSTRY PENSION    )
FUND; and BOARD OF TRUSTEES OF THE )
SERVICE EMPLOYEES INTERNATIONAL    )
UNION NATIONAL INDUSTRY PENSION    )
FUND,                              )
                                   )
            *Plaintiffs*,          )
                                   )
    v.                             )   Civil Action No. 1:05-cv-02174-JR
                                   )
MERCHANDISE MART PROPERTIES, INC.  )
222 Merchandise Mart Plaza, Suite 470 )
Chicago, Illinois  60654,          )
                                   )
            *Defendant*.           )
_____)

## ANSWER

Defendant Merchandise Mart Properties, Inc. ("MMPI"), through counsel, hereby answers plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the claims alleged in plaintiffs' Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

1.   With respect to the allegations of paragraph 1 of the Complaint, MMPI admits that plaintiffs seek to invoke the jurisdiction of the Court in support of their claim, but

MMPI denies the existence of facts that support plaintiffs' claim and otherwise denies the allegations of paragraph 1.

  2. With respect to the allegations of paragraph 2 of the Complaint, MMPI admits that plaintiffs seek to invoke the Court's jurisdiction under the specified statutes, but MMPI denies that the Court has jurisdiction.

  3. With respect to the allegations of paragraph 3 of the Complaint, MMPI admits that if the Court had jurisdiction over plaintiffs' claims, which it does not, venue would be proper in this judicial district.

  4. MMPI admits the allegations of paragraph 4 of the Complaint.

  5. MMPI admits the allegations of paragraph 5 of the Complaint.

  6. MMPI admits the allegations of paragraph 6 of the Complaint.

  7. MMPI admits the allegations of paragraph 7 of the Complaint.

  8. MMPI admits the allegations of paragraph 8 of the Complaint.

  9. MMPI denies the allegations of paragraph 9 of the Complaint, and affirmatively avers that Service Employees International Union Local 1 ("SEIU Local 1") is currently the collective bargaining representative for certain of MMPI's employees; that certain of MMPI's employees were at one time represented by Service Employees International Union Local 73 ("SEIU Local 73") and others were represented by Service Employees International Union Local 25 ("SEIU Local 25"); and, on information and belief, that SEIU Local 1 is successor by merger to SEIU Local 73 and SEIU Local 25.

  10. MMPI denies the allegations of paragraph 10 of the Complaint, except that MMPI affirmatively avers that in the years 1999 and 2000, which is the period mentioned in paragraph 16 of the Complaint, certain of MMPI's employees were subject to a collective

bargaining agreement entered into by MMPI with SEIU Local 73, and that MMPI's collective bargaining agreement with SEIU Local Union 73 was a contract between an employer and a labor organization, within the meaning of 29 U.S.C. § 185.

11. MMPI denies the allegations of paragraph 11 of the Complaint.

12. With respect to the allegations of paragraph 12 of the Complaint, MMPI admits that its collective bargaining agreement with SEIU Local 73 and its more recent collective bargaining agreements with SEIU Local 1 contain (or contained) provisions respecting plaintiff Service Employees International Union National Industry Pension Fund (the "Fund"), but MMPI avers that the provisions of its agreements with SEIU Local 73 and SEIU Local 1 speak for themselves, and MMPI otherwise denies the allegations of paragraph 12.

13. MMPI denies the allegations of paragraph 13 of the Complaint.

14. MMPI denies the allegations of paragraph 14 of the Complaint.

15. MMPI avers that the provisions of the Fund's documents speak for themselves, and MMPI otherwise denies the allegations of paragraph 15.

16. MMPI denies the allegations of paragraph 16 of the Complaint.

17. MMPI denies the allegations of paragraph 17 of the Complaint.

18. MMPI denies the allegations of paragraph 18 of the Complaint.

19. MMPI denies that plaintiffs are entitled to the relief requested under the heading "Prayer For Relief" on page 5 of the Complaint, or any other relief.

20. Further answering, MMPI denies each and every allegation of the Complaint not specifically admitted herein to be true.

**FOURTH DEFENSE**

Plaintiffs' claim is barred by the statute of limitations.

**FIFTH DEFENSE**

Plaintiffs' claim is barred by the doctrine of laches.

**SIXTH DEFENSE**

Plaintiffs are estopped to assert their claim by reason of the actions of the labor organization that is, or was, the collective bargaining representative of MMPI's employees.

**SEVENTH DEFENSE**

Plaintiffs' claim is barred because the MMPI employees with respect to whom plaintiffs assert their claim were not, while employed by MMPI, participants in the Fund.

**EIGHTH DEFENSE**

Plaintiffs' claim is barred because MMPI was not required by its collective bargaining agreements to make contributions to the Fund on behalf of the employees with respect to whom plaintiffs assert their claim.

WHEREFORE, having fully answered, defendant MMPI prays that the Complaint be dismissed; that plaintiffs take nothing; that judgment be entered for MMPI; and that MMPI be awarded its costs, including attorneys' fees, as well as all other relief that may be just and proper.

Respectfully submitted,

*/s/ Jeffrey S. Berlin*

_____
Jeffrey S. Berlin (D.C. Bar No. 200048)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8178
jberlin@sidley.com

*Attorney for Defendant Merchandise Mart Properties, Inc.*

December 20, 2005

- 4 -